IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

STACY G. D., §
    Plaintiff, §
§
§ Civil Action No. 3:18-CV-0204-BH
§
ANDREW SAUL, §
COMMISSIONER OF SOCIAL §
SECURITY ADMINISTRATION, §
    Defendant. § Consent Case[1]

## MEMORANDUM OPINION AND ORDER

Before the Court for determination is *Plaintiff's Motion for Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412*, filed June 18, 2019. (doc. 24.) Based on the relevant findings, evidence, and applicable law, the application is **GRANTED,** and the plaintiff is awarded $8,492.03 in attorney's fees, expenses, and costs.

### I. BACKGROUND

On January 26, 2018, Stacy G. D. (Plaintiff) filed a complaint seeking judicial review of a final decision by the Commissioner of Social Security (Commissioner)[2] that denied her claim for disability insurance benefits under Title II of the Social Security Act. (doc. 1.)[3] On March 23, 2017, the Commissioner's decision was reversed, and the case was remanded for further proceedings. (docs. 20; 21.) Plaintiff subsequently moved for an award of attorney's fees, expenses, and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412. (doc. 24.) The Commissioner does not

---

[1] By consent of the parties and order filed December 28, 2017 (doc. 16), this case has been transferred for the conduct of all further proceedings and the entry of judgment.

[2] At the time this appeal was filed, Nancy A. Berryhill was the Acting Commissioner of the Social Security Administration, but Andrew Saul became the Commissioner of the Social Security Administration on June 17, 2019, so he is automatically substituted as a party under Fed. R. Civ. P. 25(d).

[3] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

object to the hourly rate but objects to the number of hours claimed. (doc. 26.)

## II. ANALYSIS

Under the EAJA, a court must award attorney's fees and expenses if (1) the claimant is the "prevailing party";[4] (2) the Government's position was not "substantially justified"; and (3) there are no special circumstances that make an award unjust. *Murkeldove v. Astrue*, 635 F.3d 784, 790 (5th Cir. 2011) (citing 28 U.S.C. § 2412(d)(1)(A)). The attorney's fees awarded under the EAJA must be reasonable, however. *See* 28 U.S.C. § 2412(b). "Because EAJA is a partial waiver of sovereign immunity, it must be strictly construed in the government's favor." *Tex. Food Indus. Ass'n v. USDA*, 81 F.3d 578, 580 (5th Cir. 1996) (citation omitted). "In determining the reasonableness of such fees, [the Fifth Circuit] has adopted the 12–factor 'lodestar' test enunciated in *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717 (5th Cir. 1974)."[5] It is, however, "not necessary for a district court to examine each of the factors independently if it is apparent that the court has arrived at a just compensation based upon appropriate standards. *Sanders v. Barnhart*, No. 04-10600, 2005 WL 2285403, at *2 (5th Cir. Sept. 19, 2005) (per curiam). The claimant has the burden of demonstrating that the hours claimed were reasonably expended on the prevailing claim. *Von Clark*

---

[4]To be the "prevailing party" for purposes of the EAJA, a social security claimant must obtain a "sentence four" judgment reversing denial of disability benefits and requiring further proceedings before the agency. *Shalala v. Schaefer*, 509 U.S. 292, 300-302 (1993); *Goin v. Colvin*, No. 3:12-CV-2471-B, 2013 WL 1797862, at *2 (N.D. Tex. Apr. 29, 2013).

[5]The "lodestar fee" is the product of "the number of hours reasonably expended on the litigation" multiplied "by a reasonable hourly rate." *Sandoval v. Apfel*, 86 F. Supp. 2d 601, 615-16 (N.D. Tex. 2000). "The court must then determine whether the lodestar amount should be adjusted upward or downward" using the *Johnson* factors. *Id.* These factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the claimant's attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the claimant or the circumstances; (8) the amount of recovery involved and the results obtained; (9) counsel's experience, reputation, and ability; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the claimant; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19. "[M]any of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (citation omitted). Accordingly, a court need not examine each factor "if it is apparent that the court has arrived at a just compensation based upon appropriate standards." *Sanders*, 2005 WL 2285403, at *2 (citation omitted).

*v. Butler*, 916 F.2d 255, 259 (5th Cir. 1990) (noting that the burden "does not shift to the opposing party merely because that party does not show that the hours are unreasonable or that it did not make specific objections to the hours claimed").

Here, as the prevailing party, Plaintiff has requested a total of $8,492.03 in attorney's fees and expenses for 31.61 hours of attorney work and 12.28 hours of paralegal work for litigating this appeal in federal court, 3.62 hours of attorney work for preparing and filing the EAJA application, $21.35 in postage expenses for service of process and case-related correspondence, and $419.90 in costs for copies and the initial filing fee. (docs. 24-1 at 5-7; 24-2.) Counsel has submitted an itemized billing statement detailing the time that was devoted to the case.[6] (doc. 24-2.) The Commissioner does not dispute Plaintiff's entitlement to attorney's fees, expenses, and costs or the hourly rates requested,[7] but objects to the number of hours. (doc. 26 at 1-2.)

**A.    Attorney Hours**

The Commissioner claims that 31.61 hours for litigating Plaintiff's case in federal court is unreasonable and requests a reduction to 25.61 hours. (doc. 26 at 4).

*1.    Work Performed on Plaintiff's Brief*

The Commissioner initially objects that the total number of hours worked on the initial brief, specifically the time entries from May 22, June 6, June 7, and June 11, 2016, is unreasonable

---

[6]Contemporaneous billing records are acceptable documentation for determination of reasonable hours. *See Bode v. United States*, 919 F.2d 1044, 1047 (5th Cir. 1990).

[7] Attorney's fees under the EAJA are subject to a statutory maximum rate of $125 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). A court may calculate fees using a higher rate based on an increase in the cost of living or other "special factors," however. *Id*. Here, Plaintiff argues, and the Commissioner does not dispute, that a billing rate of $189.94 per hour for attorney services performed in 2017, $195.56 per hour for attorney services performed in 2018, and $197.58 for attorney services performed in 2019, are appropriate based on a cost-of-living adjustment. (docs. 24-1 at 6, 26 at 1-2.) Paralegal work is also reimbursable under the EAJA, which is based on market paralegal rates. *See Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571 (2008). Plaintiff argues, and the Commissioner does not dispute, that $95.00 per hour is the reasonable market rate for paralegal work in the Northern District of Texas. (docs. 24-1 at 7; 26 at 1-2.)

because the case did not include any novel legal arguments or uncommon factual issues, raised only a single point of error, and "a great deal of its length result[ed] from Plaintiff's counsel summarizing various medical records, rather than a detailed analysis and synthesis of the law and facts." (doc. 26 at 3.) He claims that 17.44 attorney hours in connection with the initial brief is unreasonable and requests a reduction to 11.44 attorney hours. (*Id.* at 2.)

The billing records show that of the disputed 17.44 hours, counsel spent 6.55 hours on May 22, 2016, reviewing and annotating the transcript, summarizing the procedural and medical history and case law for the brief, and researching the disability ratings issue–including the new social security regulations on those ratings and recent precedent regarding the new standards. Counsel also spent 3.82 hours on June 6, 2018, revising the case statement and comparing case facts to similar Fifth Circuit cases, and 5 hours on June 7, 2018, drafting and revising the arguments section, making multiple revisions for clarity, punctuation, spelling, grammar, and citation, and drafting the table of authorities and issue-presented section. Finally, he spent 2.07 hours on June 11, 2016, reviewing the brief, making final revisions, and filing the brief. (doc. 24-2 at 2.)

"[I]t is well established that the most critical factor in determining an award of attorney's fees is the degree of success obtained by the victorious plaintiff [ ]." *Northwinds Abatement, Inc. v. Empl'rs. Ins. of Wausau*, 258 F.3d 345, 354 (5th Cir. 2001) (internal quotations omitted); *see also Hensley*, 461 U.S. at 440 ("[T]he extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees under" the EAJA.). Plaintiff's successful brief was 15 pages long and presented a comprehensive explanation of her physical ailments and symptoms, and made a thorough presentation of her legal arguments on appeal. (*See* doc. 17.) The disputed hours consist of 6.55 hours reviewing a record of more than 1,500 pages and summarizing the

relevant aspects of Plaintiff's medical history for the brief. *See Harris v. Colvin*, No. 3:11-CV-1089-M-BH, 2013 WL 2896880, at *3 (N.D. Tex. June 13, 2013) (finding 6.33 hours counsel spent "identifying important procedural information and medical facts, and condensing them into a chronological, 9–page summary" was reasonable and did not warrant reduction); *Leroux v. Astrue*, No. 3-10-CV-2634-M, 2012 WL 6757772, at *1 (N.D. Tex. Oct. 26, 2012) (finding that 15.08 hours were reasonable for counsel, who had represented the claimant at the administrative level, to review the record, "locate substantive evidence for arguments and citations to that evidence," and summarize that evidence), *adopted by* 2013 WL 28577 (N.D. Tex. Jan. 2, 2013); *see also Campbell v. Berryhill*, No. 3:15-CV-3913-N-BH, 2017 WL 4404459, at *3 (N.D. Tex. Sept. 1, 2017) (finding that 43 hours working on the initial brief was reasonable when there was an administrative record of 1,662 pages), *adopted by* 2017 WL 4351370 (N.D. Tex. Sept. 29, 2017). It also consist of 5 hours "proofreading, cite checking, and correcting" Plaintiff's brief, including the table of authorities, which "require[d] some legal skill and knowledge" that "could not generally be easily or competently performed by clerical staff." *See Leroux*, 2012 WL 6757772, at *5. In view of Plaintiff's success, the time requested to complete and revise his opening brief is reasonable. *See Northwinds*, 258 F.3d at 354.

### 2. *Counsel's Experience*

The Commissioner also objects on the ground that Plaintiff's counsel had been practicing Social Security law for many years and "[t]he government is entitled to expect some additional efficiency from experienced or able counsel." (doc. 26 at 3-4.)

The Commissioner contends that 17.44 hours in connection with drafting the initial brief was unreasonable, but he does not identify any specific task that should have taken less time given

5

counsel's experience. Notably, the disputed hours include, among other tasks, the time to review and synthesize an administrative record of more than 1,500 pages. *See cf. Campbell*, 2017 WL 4404459, at *3 ("At 1,662 pages, the administrative record is also much longer than the record in a typical social security appeal."). Regardless of an attorney's experience level, "one must understand and interpret the claimant's medical record, . . . [which] may consist of complex medical terminology, medical reports, progress notes, diagnoses, and psychiatric evaluations." *Harris*, 2013 WL 2896880, at *3 (quoting *ValentinNegron v. Comm'r of Soc. Sec.*, No. CIV. 11-1860 MEL, 2012 WL 5948341, at *2 (D.P.R. Nov.28, 2012)). Understanding that counsel must be familiar with the claimant's medical record to effectively pursue a reversal and remand of the ALJ's decision, courts have held that it is reasonable for an attorney who did not represent the claimant at the administrative level to spend time familiarizing himself with the record. *See, e.g., Bentley v. Astrue*, No. 3:10-CV-00032-L BF, 2011 WL 2923970, at *2 (N.D.Tex. June 15, 2011) (finding that the 12.66 hours that counsel, who had represented the claimant before the agency, "spent reviewing and making notes on the record" were reasonable), *recommendation adopted as modified on other grounds*, 2011 WL 2938223 (N.D. Tex. July 20, 2011); *McNeil v. Astrue*, No. CIVA H-07-3664, 2009 WL 1451707, at *3 (S.D. Tex. May 22, 2009) (approving of 11.35 hours that counsel spent reviewing the administrative record); *Miller v. Apfel*, No. CIV.A. 300-CV-0107-M, 2001 WL 1142763, at *4 (N.D.Tex. Sept.26, 2001) (declining to reduce from 24.10 to 12.5 the hours that counsel spent "reviewing the administrative record," with which he was "familiar" due to having represented the claimant before the agency; finding that these hours were reasonable and "evidence[d] proper billing judgment"). Even considering Plaintiff's counsel's experience in Social Security law, based upon the detailed billing records and filed pleadings, he reasonably spent 17.44

hours working on Plaintiff's brief.

In sum, considering all of the work performed, the 31.61 hours requested for litigating Plaintiff's case in federal court are reasonable and will not be reduced. *See Bentley*, 2011 WL 2923970, at *2 (awarding 57.5 hours "that counsel reasonably and necessarily expended in th[e] case"); *Sweat v. Barnhart*, No. 3:05-CV-0329-M, slip op. at 4 (N.D. Tex. Aug. 27, 2007) (approving of 66.1 hours that counsel "reasonably and necessarily expended . . . on the [claimant's] successful appeal").

**B.** **Itemization of Costs**

Plaintiff additionally seeks the initial $400.00 filing fee and $19.90 in copying costs incurred as reimbursable costs under 28 U.S.C. § 2412(a). (doc. 24-1 at 7.) The Commissioner does not appear to object to this reimbursement request. (*See* doc. 26.)

The EAJA provides that "a judgment for costs . . . may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action." 28 U.S.C. § 2412(a)(1). Certain costs, such as filing fees and fees for printing and copies, may be charged against the government of the United States, through the Office of the United States Attorney, and paid from the Judgment Fund by the Department of the Treasury. *See* 31 U.S.C. § 1304. In an appeal of an adverse social security ruling, "[w]hether the fault is that of the Administrative Law Judge, the Appeals Council, or the Commissioner's lawyers in court, the fault lies with the United States and the United States is liable for costs and fees." *Ingle v. Berryhill*, No. 14-CV-413-CJP, 2017 WL 1178086, at *1 (S.D. Ill. Mar. 30, 2017) (citing 28 U.S.C. § 2412(d)(2)(C)).

Here, Plaintiff successfully brought a civil action against the Commissioner in his official

capacity, who was represented by the U.S. Attorney's Office. (*See* docs. 1, 10.) Accordingly, Plaintiff's reimbursement for costs should be paid from the Judgment Fund pursuant to 31 U.S.C. § 1304. *See, e.g., Birge v. Colvin*, No. 3:12-CV-1777-G-BH, 2014 WL 103665, at *1 (N.D. Tex. Jan. 10, 2014) (ordering reimbursable filing fee costs to be paid from the Judgment Fund in an appeal of an adverse social security ruling); *Benton v. Astrue*, No. 3:12-CV-0874-D, 2013 WL 818758, at *1 (N.D. Tex. Mar. 5, 2013) (same).

### III. CONCLUSION

Plaintiff's motion is **GRANTED**, and Plaintiff is awarded $8,492.03 in attorney's fees, expenses, and costs as follows:

(1) 3.67 hours of attorney work for litigating Plaintiff's appeal in 2017 at an hourly rate of $189.94 ($697.08);

(2) 24.02 hours of attorney work for litigating Plaintiff's appeal in 2018 at an hourly rate of $195.56 ($4,697.35);

(3) 3.92 hours of attorney work for litigating Plaintiff's appeal in 2019 at an hour rate of $197.58 ($774.51);

(4) 3.62 hours of attorney work for defending Plaintiff's EAJA attorney's fees application in 2019 at an hourly rate of $197.58 ($715.24);

(5) 12.28 hours of paralegal work at an hourly rate of $95.00 ($1,166.60);

(6) $21.35 reimbursable costs as postage fee expenses; and

(7) $419.90 reimbursable costs as filing and copying fee expenses from the Judgment Fund.

The award of attorney's fees, expenses, and costs in this case shall be made payable directly to Plaintiff and mailed to Plaintiff's counsel.[8]

---

[8] The Supreme Court has held that an award under the EAJA must be paid directly to a claimant who is found to be the "prevailing party" in the case, rather than to his attorney. *Astrue v. Ratliff*, 560 U.S. 586, 593 (2010).

**SO ORDERED** this 30th day of September, 2019.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE